**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Paris Da'Jon Allen,                                     Civ. No.: 15-1905 (WMW/JJK)

        Plaintiff,

v.                                                                  **REPORT AND
                                                                    RECOMMENDATION**

Kathy Reid, Kelly Classen, Dr. Stephen
Craane, Nanette Larson;

        Defendants.

---

Paris Da'Jon Allen, OID# 185232, MCF-Oak Park Heights, 5329 Osgood Ave N., Stillwater, MN 55082, Plaintiff pro se.

Margaret E Jacot, Esq., Minnesota Attorney General's Office, counsel for Defendants Kathy Reid and Nanette Larson.

Anthony J. Novak, Esq., and Mark A. Solheim, Esq., Larson King, LLP, counsel for Defendant Dr. Stephen Craane.

---

JEFFREY J. KEYES, United States Magistrate Judge

    Plaintiff Paris Da'Jon Allen filed a motion for a temporary restraining order ("TRO") and preliminary injunction. (Doc. No. 34, Mem. of Law in Supp. of Mot. for a TRO and Preliminary Inj. ("Pl.'s Mem.").) The District Court referred the motion to this Court for a report and recommendation. 28 U.S.C. § 636; D. Minn. LR 72.1. This Court ordered that the parties submit briefs on their respective positions and that this Court would then issue a report and recommendation based on the written submissions. (Doc. No. 39.) Defendants Kathy Reid and

Nanette Larson filed a memorandum in opposition to Allen's motion for a temporary restraining order.  (Doc. No. 48.)  Allen filed his reply in support of his motion.  (Doc. No. 57.)  Based on these written submissions, this Court concludes that Allen's motion should be denied.

In his motion, Allen asks the Court to issue a TRO and preliminary injunction "to ensure that he receive[s] proper medical care." (Pl.'s Mem. 1.)  In support of his motion, Allen asserts: (1) that he is being denied medical care; (2) that he is being denied free photocopies of his medical records; (3) that a letter he sent to counsel for Reid and Larson was not treated as privileged legal mail by the prison where he is incarcerated; (4) that he was not provided with copies of his medical records within one week of his request; (5) that defendants confiscated his envelopes; (6) that defendants charged him for copies; and (7) that Defendants did not process a grievance.  (Doc. Nos. 35, 36.)  Allen also asserts a number of facts about his medical care between May 2015 and November 2015 to support his claim that he is being denied medical care.  (Doc. Nos. 35, 36.)  Allen contends that a TRO and preliminary injunction are appropriate because he will suffer irreparable harm from not receiving medical treatment, is being harmed by having to suffer from back pain, is likely to succeed on the merits of the case, and because the public interest will be served by prison officials obeying the law.  (Pl.'s Mem. 2.)

Courts in the Eighth Circuit consider four factors when deciding whether to enter a preliminary injunction: (1) the threat of irreparable harm to the movant; (2)

2

the balance between the harm to the movant and the injury that granting the injunction will inflict on other interested parties; (3) the probability that the movant will succeed on the merits; and (4) whether the issuance of the preliminary injunction is in the public interest.  *See Dataphase Sys., Inc. v. CL Sys., Inc. (Dataphase)*, 640 F.2d 109, 114 (8th Cir. 1981).  The movant bears the burden of proof on the *Dataphase* factors.  *GelcoCotp. V. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987).  The court balances the four factors to determine whether a preliminary injunction is warranted.  *Dataphase*, 640 F.3d at 113; *West Pub. Co. v. Mead Data Cent., Inc.,* 799 F.2d 1219, 1222 (8th Cir. 1986).  "In balancing the equities no single factor is determinative. […] In every case, it must be examined in the context of the relative injuries to the parties and the public."  *Dataphase*, 640 F.3d at 113.  When conducting this balancing test for cases arising from the prison context, the court should view requests for injunctive relief with caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995).

 Plaintiff in this case has not met his burden of proving the *Dataphase* factors.  First, Allen seeks relief that is not properly awarded through the entry of a preliminary injunction because it is not related to the allegations and relief requested in his complaint.  A court must deny a motion for a preliminary injunction if the injunction sought differs in character from the relief that may be finally granted after trial on the merits or when the preliminary injunction

contemplates matters unrelated to the underlying action.  *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citing *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181,1185 (10th Cir. 1975)); *Kaimowitz v. Orlando, Fla*, 122 F.3d 41 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir.1997) (preliminary injunction denied as wholly unrelated to the underlying action); *Olham v. Chandler-Halford*, 877 F. Supp. 1340, 1346 (N.D. Iowa 1995) (holding that the "first step" for a party seeking a preliminary injunction is "the establishment of a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").  In his amended complaint (Doc. No. 7), Allen alleged that his Eighth Amendment rights were being violated by the failure to provide him with alternative food choices to the eggs served in the prison.  He also asserted that he was denied medical care for back and finger injuries.  The vast majority of the relief he seeks in his pending motion (e.g., free and prompt photocopies of medical records,[1] privileged

---

[1]     In regard to Plaintiff's claim that he needs immediate access to free copies of his medical records, the Court issues a separate order addressing his request for sanctions based on defendants' alleged failure to produce these records in response to his prison grievance requests.  In that separate order, the Court explains that Allen has not shown that he served any proper discovery request on any defendant or that any defendant failed to comply with its discovery obligations.  Moreover, under the policies of the Department of Corrections, a prisoner can view his medical record at no cost.  (Reid Aff. ¶ 5, Exs. D-E.)  Prisoners can also request copies of their medical file, for which there will be a

(Footnote continued on following page)

treatment for alleged "legal mail," prohibiting confiscation his envelopes, requiring specific processing of prison grievances) is unrelated to the issues raised in his pleadings. For this reason, his motion for a TRO and preliminary injunction should be denied as it relates to these requests.

Allen has also sought a TRO or a preliminary injunction granting him medical care, which is related to the issues raised in his pleadings. In this motion, as in the Complaint, Allen's claims about lack of medical treatment are very ambiguous. As best the Court can tell, he claims that he has a back injury ("deformity of lower back") and that he has not been receiving proper nutrition ("deprivement of proper nutrition") (Doc. No. 34 at 2). This may relate to the allegation in the Complaint that the Oak Park Heights prison failed to provide him with supplemental food to compensate for his intolerance to eggs and that the prison physician has failed to treat him for injuries to his back and finger.

Allen has not established that he is likely to suffer irreparable harm if the Court does not issue a preliminary injunction relating to his medical care. A fundamental problem with this motion is that Allen has not specified what care he

---

(Footnoted continued from previous page)
charge unless the prisoner is indigent. (*Id.*) Indigent prisoners may obtain thirty-five pages of free copies per week and can request additional free copies for legal purposes by providing information about an upcoming court deadline. (*Id.*) Allen can use the discovery mechanisms to obtain relevant information as part of this litigation. It is not necessary for the court to issue a TRO or preliminary injunction that would otherwise disrupt the established procedures of the Minnesota Department of Corrections.

wants the Court to order; indeed, he has failed to specify the medical condition for which he needs the care.  It is not even clear whether he has any current complaint about his medical care.  In his declarations, he alleges facts about his medical care from May 2015 to November 2015, so it may be that his concern is about past medical treatment.  (Doc. Nos. 35–36.)  Because Allen has not shown that he will suffer any significant harm if his motion is denied, he has also not met his burden of establishing that any harm he may suffer if no TRO or injunction is entered outweighs the harm that might occur if his motion for a TRO and preliminary injunction is granted.

In addition, Allen has not provided evidence sufficient to establish that he is likely to succeed on the merits of his claims.  Allen's recent medical records do not show that there has been any failure to provide him with medical care and treatment.  (*See* Doc. No. 45, Aff. of Kathryn Reid ("Reid Aff."), ¶ 4, Ex. C.)  Allen's medical chart shows that he has been seen by the prison medical care providers multiple times within the past month and has refused to be seen by the physical therapist.  (*Id.* ¶ 4.)  The exhibits Allen submitted in support of his motion mostly consist of communications between Allen and prison officials that are not linked to the legal issues underlying Allen's claims in this case.  He has submitted nothing that shows that he is likely to succeed on his claims about a lack of medical care or treatment.

Finally, Allen has not established that the public interest would be best served by the Court granting his motion for a TRO and preliminary injunction.

There is a public interest in ensuring that prisons treat inmates fairly and act in accordance with the law.  However, there is also a great public interest in the efficient and effective management of prisons to maximize the possibility of offender rehabilitation and to maintain security.  The DOC is better situated to establish fair and consistent policies to further these goals than the courts.  Given that Allen has failed to show that he is likely to suffer irreparable harm or that he is likely to prevail on the merits of his claims, at least at this stage of the litigation, he has not shown that the public interest is better served by a court order directing the defendants to provide any specific form of medical care or dietary regimen.

## RECOMMENDATION

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. No. 34) be **DENIED**.

Date: March 16, 2016

  s/ Jeffrey J. Keyes             _
JEFFREY J. KEYES
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within

14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.